UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DUARTE,<br><br>            Plaintiff,<br><br>      vs.<br><br>ENEMOH, et al.,<br><br>            Defendants. | 1:15-cv-01246-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CASE AS DUPLICATIVE<br>(ECF No. 5.)<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE OF CASE 1:15-cv-1213-AWI-DLB-PC<br><br>ORDER FOR CLERK TO ADMINISTRATIVELY CLOSE CASE |

**I.      BACKGROUND**

Patrick F. Duarte ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 12, 2015.  (ECF No. 1.)

On September 10, 2015, Plaintiff filed a motion to voluntarily dismiss this case as duplicative of case 1:15-cv-01213-AWI-DLB-PC.  (ECF No. 5.)

1

## II. DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims

"would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

Plaintiff requests dismissal of this case as duplicative of case 1:15-cv-01213-AWI-DLB-PC; Duarte v. Enemoh, et al. Plaintiff explains as follows:

> "I mailed a complaint 42 U.S.C. § 1983 on 8/2/2015, it was filed on 8/5/2015, case number 1:15-cv-01213-DLB (PC). I had not sent the second copy of the complaint with the original. On 8/4/2015 I sent the second copy of the complaint and a (*sic*) inmate trust statement. The second copy of the original was given a new case # 1:15-cv-01246-GSA and was filed on 8/12/2015. (Please see document number 3 enclosed). Would you please dismiss the second case 1:15-cv-01246-GSA. The second copy was only intended to be added to the first case."

(ECF No. 5.)

The court record shows that Plaintiff has two civil rights cases pending before this court. The first case was filed on August 5, 2015 and is pending as case 1:15-cv-01213-AWI-DLB-PC; Duarte v. Enemoh, et al. (Court Record.) The second case is the present case, 1:15-cv-01246-LJO-GSA-PC, Duarte v. Enemoh, et al., filed on August 12, 2015. (ECF No. 1.) The court has reviewed the two cases and finds that the complaint for the present case is identical to the complaint in case 1:15-cv-01213-AWI-DLB-PC; Duarte v. Enemoh, et al. Plaintiff brings a medical claim concerning injury to his shoulders in both complaints. The exhibits to the two complaints are not arranged in the same order; however, each complaint contains thirty-four pages of exhibits comprised of Plaintiff's medical records concerning shoulder pain and copies of Plaintiff's prison appeal concerning shoulder injuries. Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and the parties, allegations, claims, and requested relief are identical. Thus, the two cases appear to be duplicative. Based on these facts, the court finds good cause to grant Plaintiff's motion to dismiss this case.

///
///
///

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to dismiss this case, filed on September 10, 2015, is GRANTED;
2. This case is DISMISSED as duplicative of case 1:15-cv-01213-AWI-DLB-PC; <u>Duarte v. Enemoh, et al.</u>; and
3. The Clerk is directed to administratively CLOSE this case.

IT IS SO ORDERED.

Dated:   **September 15, 2015**              /s/ Lawrence J. O'Neill
                                                                            UNITED STATES DISTRICT JUDGE